UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. PETTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17 CV 2615 JMB |
| | ) |
| STATE OF MISSOURI and | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant State of Missouri's ("State") Motion to Dismiss (ECF No. 19) and Defendant City of St. Louis' ("City") Motion to Dismiss Plaintiff's Complaint (ECF No. 23). Plaintiff William E. Petty ("Petty") has filed responses in opposition and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Petty appears to challenge the constitutionality of Chapter 138 of the Revised Statutes of Missouri, entitled <u>Equalization and Review of Tax Assessments</u> and comprised of approximately sixty separate statutes. Petty seeks to have Chapter 138 removed from the books as a tax on real estate. In response, the State and the City contend that Petty has failed to state a claim upon which relief can be granted. The State also asserts that, pursuant to the Eleventh Amendment, sovereign immunity bars Petty's claim against the State, and Petty lacks standing.

**I.   Factual Background**

In the Complaint, Petty alleges that the State and the City have "install[ed] a tax on real estate property that is prevented by the Constition [sic] … by imposing the equalization law." (Complaint,

1

ECF No. 1 at 1-2) Petty further alleges that '[t]he State of Missouri and counties and cities is [sic] forbidden by the Constitution from imposing any tax on any real estate property; despite this law, they proceeded to install, as a property tax called the equalization Law, Chapter 138 as a tax on real estate." (Id. at 4) As relief, Petty requests that "Missouri Law Chapter 138 Equalization Law with all of its parts, removed from the books as a tax on real estate, and all money collected returned to those they took it from." (Id. at 5)

In May 2017, Petty, an owner of real property in St. Louis City, received a Change of Assessment Notice from the City of St. Louis, Office of the Assessor, which reflected a general equalization increasing the appraised value of his residential property and the estimated real estate taxes from $585.39 in 2016 to $1,232.12 in 2017. (ECF Nos. 22, 29, and 30)

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). The requirement of facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. 678.

## III. Discussion

### A. State and City's Motions to Dismiss - Failure to State a Claim

Any person aggrieved by an assessment of real estate taxes on property may appeal to the board of equalization. The procedures for equalization and review of real estate tax assessments by the board of equalization are found in Chapter 138. See St. Peters Hosp. v. Zimmerman, 914 S.W.2d 26, 28 (Mo. Ct. App. 1995). The Missouri Constitution and Statutes delineate a comprehensive plan for the valuation of property for tax purposes and in general the administration of the over-all scheme, including valuation and assessment. Const. Mo., Art. 10, Sec. 14, Chapter 138.

It appears that Petty seeks to challenge the City of St. Louis board of equalization's increase in the assessed value of his property resulting in an increase in his real estate property taxes.[1]  Although Petty could have appealed the increased assessment value of his real property, it appears he did not do so.

---

[1] This Court does not have the authority to substitute its opinion of the administrative agency. See, e.g., Drey v. State Tax Comm'n, 345 S.W.2d 228, 236 (Mo. 1961); May Dep't Stores Co. v. State Tax Comm'n, 308 S.W.2d 748, 759 (Mo. 1958) ("Assessments and the valuations of real estate for taxation are never subject to exact ascertainment, and they are, at best, matters of opinion and estimate on the part of the taxing officials.").

3

**1. State**

The State argues that the Tax Injunction Act, 28 U.S.C. § 1341, bars federal jurisdiction in this case because Chapter 138 provides a plain, speedy and efficient remedy.

"[E]very owner of real property or tangible property shall have the right to appeal from the local boards of equalization to the state tax commission." § 138.430(1), Mo. Rev. Stat. Moreover, the taxpayer "shall have the right to appeal to the circuit court of the county … concerning all questions and disputes … pursuant to the Constitution of the United States or the constitution or laws of this state, or of the taxable suitus of such property." § 138.430(3). Accordingly, the undersigned finds that the Missouri state law review procedure provides Petty ample opportunity to appeal the tax assessment, as well as the constitutionality of the imposition of that assessment. Because there is a plain, adequate, complete, speedy, and efficient remedy under Missouri state law, this Court lacks jurisdiction. See The Tax Injunction Act, 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State."); see also Levin v. Commerce Energy, Inc., 560 U.S. 413, 417 (2010) (holding "the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."); Hibbs v. Winn, 542 U.S. 88, 107 (2004) ("In sum, this Court has interpreted and applied the TIA only in cases Congress wrote the Act to address, *i.e.*, cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes."). "[T]he statute has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." Tully v. Griffin, Inc., 429 U.S. 393, 413 (1982).

The undersigned finds that because Petty has available remedies in the state courts of

Missouri, the Tax Injunction Act prohibits this Court from enjoining the collection of state taxes. Petty's proper course for relief is through the State's channels, and this Court should not interfere in the legitimate interests of the State in implementing its own property tax system. Accordingly, the undersigned concludes that Petty's Complaint fails to state a claim for relief against the State.

## 2. City

The City contends that Petty fails to state a cause of action because Petty seeks to repeal Chapter 138, a Missouri state statute, and the City cannot repeal a Missouri state statute, only City ordinances.

The City is a charter city governed by Article VI, Section 19(a) of the Missouri Constitution, which reads as follows:

> Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has the authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

Mo. Const., art. VI, Section 19(a). The City is not empowered to repeal Missouri state statutes.

The statutes of the State of Missouri from which this City derives its powers show no provision granting the City the authority to repeal a statute. "'To the legislative department of government is confided the authority, under the Constitution or frame of government, to make, alter or repeal laws…. It is a doctrine frequently reiterated by the courts that the functions of the Legislature must be exercised by it alone, and cannot be delegated.'" Sluder v. St. Louis Transit Co., 189 Mo. 107, 88 S.W. 648, 658 (Mo. 1905) (quoting 18 American & English Enc. of Law (2d Ed.) vol. 6, p. 822)). The Missouri legislature has the power to repeal Chapter 138 but neither this Court nor the City has the power to do so. See, e.g. Leahey v. Witte, 123 Mo.

207, 27 S.W. 402, 406 (1894). Accordingly, the undersigned concludes that Petty's Complaint fails to state a claim for relief against the City.

B. **In the Alternative, State's Motion to Dismiss – Eleventh Amendment**

The State asserts that the Eleventh Amendment bars Petty's claim from federal court.

The Eleventh Amendment generally bars suits by private citizens against a state and its agencies in federal court. Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670 (1982); Balogh v. Lombardi, 816 F.3d 536, 544 (8th Cir. 2016). "[I]t is well established that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Employees v. Dep't of Pub. Health & Welfare, 411 U.S. 279, 280 (1973). When a state is directly sued in federal court, it must be dismissed from litigation upon its assertion of Eleventh Amendment immunity unless one of the exceptions exists, either Congressional abrogation or state waiver. Barnes v. State of Missouri, 960 F.2d 63, 65 (8th Cir. 1992). First, the Court is unaware of any Congressional abrogation relevant to this action. Second, Missouri's immunity statute, Mo. Rev. Stat. § 537.600, does not waive immunity to suits in federal court. See Long v. Curators of Univ. of Missouri, 1993 WL 52821, at *3 (W.D. Mo. 1993) ("Sections 537.600.1 and 2 amount to only a general limited waive of sovereign immunity. The statute carves two limited exceptions to immunity in instances of negligence. However, nowhere does the statute indicate an intent to waive immunity to suits in federal court in particular.").

Here, Petty, a private litigant, has filed suit against the State in federal court, and the State does not consent to be sued in this matter. The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." In re Innes, 184 F.3d 1275, 1278 (10th Cir. 1999) (citation omitted). Waiving immunity "require[s] an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh

6

Amendment." Id. The State has not made such unequivocal indication here, but has asserted sovereign immunity. Accordingly, the State is immune from suit under the Eleventh Amendment, and this Court does not have jurisdiction to grant the relief sought by Petty.

### C. In the Alternative, State's Motion to Dismiss - Standing

The State contends that Petty lacks standing.

Standing is a threshold question in determining whether a federal court may hear a case. Eckles v. City of Corydon, 341 F.3d 762, 767 (8th Cir. 2003) (quotation omitted). To assert a right in federal court, a party invoking federal jurisdiction must establish "(1) that he suffered concrete, particularized injury in fact, (2) that this injury is fairly traceable to the challenged action of defendants, and (3) that it is likely that this injury will be redressed by a favorable decision." 281 Care Comm. v. Arneson, 638 F.3d 621, 627 (8th Cir. 2011); Allen v. Wright, 468 U.S. 737, 751 (1984) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."). "By particularized, … the injury must affect the plaintiff in a personal and individual way." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992).

Petty seeks to challenge a statute but his own injury is not distinct from that suffered in general by other taxpayers. "The judicial power of the United States defined by Art. III is not an unconditional authority to determine the constitutionality of legislative or executive acts." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471(1982). Taxpayers are generally not allowed to bring suits to challenge laws of general applicability based on their taxpayer status because their injury is not separate and "distinct from that suffered by other taxpayers…." ASARCO, Inc. v. Kadish, 490 U.S. 605, 613 (1989); but see, e.g. United States v. Richardson, 418 U.S. 166 (1974) (finding taxpayer standing

7

when the taxpayer challenges government spending alleged to violate the Establishment Clause of the First Amendment).

In his Complaint, Petty fails to allege any concrete or particularized injury to him. Petty asserts that "[t]he State of Missouri and counties and cities is forbidden by the Constitution from imposing any tax on any real estate property; despite this law, they proceeded to install, as a property tax called the equalization Law, Chapter 138 as a tax on real estate." (Complaint, ECF No. 1 at 4) Petty requests that "Missouri Law Chapter 138, Equalization Law with all of its parts, removed from the books as a tax on real estate, and all money collected returned to those they took it from." (Id. at 5) This is not the type of concrete, particularized injury required to establish Article III standing. Petty has failed to allege any actual injury beyond a generalized grievance common to all taxpayers.

Even under the most liberal reading of this pro se Complaint, Petty has failed to allege injury in fact sufficient to establish standing to sue since he has failed to allege concrete and particularized injury that is actual and fairly traceable to Chapter 138, and this Court therefore lacks jurisdiction to make any determination on the merits of the case.

**IV. Conclusion**

The Complaint fails to state a claim upon which relief can be granted. In addition, Petty has failed to allege a particularized injury and thus lacks standing to bring this action. Finally, the Eleventh Amendment bars Petty's claim against the State. Accordingly,

**IT IS HEREBY ORDERED** that Defendant State of Missouri's Motion to Dismiss (ECF No. 19) and Defendant City of St. Louis' Motion to Dismiss Plaintiff's Complaint (ECF No. 23) are GRANTED.

An appropriate judgment will accompany this Memorandum and Order.

Dated this 3rd day of May, 2018

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
